## WOHLFELD v. HENLEY.

### 4-4289

Opinion delivered April 27, 1936.

*McDaniel, McCray & Crow,* for appellant.

*Kenneth C. Coffelt* and *Wm. J. Kirby,* for appellee.

BUTLER, J. In a suit brought by appellee against his employer, the appellant, he recovered $300 as damages for personal injury, and from the judgment awarding the same, the present appeal is prosecuted.

The theory upon which the suit was instituted is that appellee was injured by a fall which was occasioned by the failure of appellant, his employer, to furnish him a safe place to work.

There are two grounds of error assigned in the motion for a new trial which are argued in appellant's brief for reversal of the judgment. The first, and the one most strongly insisted upon, is that the evidence is insufficient to establish the negligence of appellant, and the other is that the court should have, at appellant's request, instructed the jury that, if the injury was due solely to an accident, its verdict should be for the defendant.

The evidence tending to establish negligence in respect to furnishing a safe place in which to work is not altogether satisfactory, but when viewed in the light most favorable to appellee and the inferences reasonably deducible therefrom are considered, we think there is some substantial evidence warranting the submission of that question to the jury. Briefly stated, the evidence most strongly tending to support appellee's contention is to the effect that the injury occurred to appellee while he was engaged in rolling a wheelbarrow up an inclined plane or runway. He had been at work on this runway but a short time before his injury occurred; he had made no inspection of the runway or the nature of its construction, but supposed that it had been constructed so as to render it safe to those who had occasion to use it. This runway began at the ground and extended gradually upward, ending in a platform about six feet above the surface of the ground. It was made of pine boards, two by ten, or twelve inches and twelve or fourteen feet long. The proper method of constructing this runway was to have supports upon which the planks rested about seven feet apart so that a support would be at each end of the plank and one in the middle. As appellee wheeled the barrow upward and was approaching the platform, the plank on which the barrow was being rolled bent downward, or "sagged" under the weight of the barrow, and when this happened appellee's foot slipped and he fell, striking his side near the groin with sufficient violence to produce an inguinal hernia. There was no support under the middle of the plank, and this lack of support was the occasion of the bending or "sagging" of the plank and of the injury resulting. It is true that there is evidence strongly contradicting the foregoing statement, and also as tending to show that there was no injury caused to the appellant from the cause assigned by him, but these questions were for the jury, and, since there is some substantial evidence to support its finding, we are bound by it.

In a number of instructions given, both at the request of the appellee and of the appellant, the court made

652

it plain to the jury that there could be no recovery unless the injury could be shown to have been occasioned by the negligent failure of the appellant in the construction and maintenance of the runway. The jury was fully and fairly instructed on the question of assumption of risk and contributory negligence. These instructions necessarily excluded liability if the injury was the result of a casualty which could not have been reasonably anticipated or avoided by the exercise of ordinary foresight and prudence. The court therefore did not commit prejudicial error in refusing to tell the jury that there could be no recovery if the injury "was due solely to an accident," for this was necessarily inferred from the instructions given, although the court might well have given, with accident properly defined, an instruction to the effect that appellant was not liable if the injury was occasioned solely by an accident.

It follows that the judgment of the court below will be affirmed, and it is so ordered.